UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENNIE BYRD, III,
*as personal representative of the estate of Bennie Byrd, Jr.*,

        Plaintiff,

v.

SUDHIR G. DESAI and THE UNITED STATES OF AMERICA,

        Defendants.

                              /

Case No. 15-12659

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [9, 10]; GRANTING DEFENDANTS' MOTION TO DISMISS [11]; OVERRULING AS MOOT PLAINTIFF'S OBJECTION TO SUBSTITUTION OF UNITED STATES AS DEFENDANT [5]; AND DENYING AS MOOT PLAINTIFF'S MOTION TO DEFER RULING [15]**

On July 28, 2015, Defendant Desai removed this case from state court. The next day, Defendant Desai filed a Notice of Substitution [Dkt. #2], stating that the United States had replaced him as the sole defendant on Plaintiff's tort claims pursuant to 28 U.S.C. § 2679(d)(1). On July 30, 2015, the Court issued an Order Reflecting Substitution of United States as Defendant [4]. On August 4, 2015,

1

Plaintiff filed an Objection to Substitution of United States as Defendant [5].[1]  On August 26, 2015, Plaintiff filed a Motion to Remand [9, 10].[2]  On August 31, 2015, Defendants filed a Motion to Dismiss [11].[3]  On September 10, 2015, Plaintiff filed a Motion [15] to defer the Court's ruling on Defendants' motion to dismiss until after its rulings on Plaintiff's pending objection and motion.

The Court denies Plaintiff's motion to remand to state court.  Plaintiff argues that removal pursuant to 28 U.S.C. § 1441 was improper because the Court lacks original jurisdiction over the case.  However, the Court has original "federal question" jurisdiction over Plaintiff's claim alleging a violation of the Due Process Clause of the Fifth Amendment to the United States Constitution.  *See* 28 U.S.C. § 1331.  The Court may exercise supplemental jurisdiction over Plaintiff's state-law claims because they and the due process claim "derive from a common nucleus of operative fact."  *Packard v. Farmers Ins. Co. of Columbus, Inc.*, 423 F. App'x 580, 583 (6th Cir. 2011) (quoting *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 209 (6th Cir. 2004)).  Because removal was proper pursuant to

---

[1] Defendants filed a Response [12] to Plaintiff's objection on August 31, 2015.  Plaintiff filed a Reply [13] on September 4, 2015.
[2] Plaintiff filed his Motion to Remand twice, presumably by mistake.  Defendants filed a Response [14] on September 9, 2015.
[3] Plaintiff filed a Response [16] on September 14, 2015.  He filed Errata [17, 18] on September 15 and September 17, 2015.  Finally, he filed a Supplemental Brief [19], styled as an "Objection to Defendants' Evidence as Improper," on September 21, 2015.  Defendants filed a Reply [20] on September 28, 2015.

28 U.S.C. § 1441, the Court need not address the other grounds for removal identified by the parties.

The Court grants Defendants' motion to dismiss the case on the grounds that the case is before the Court only due to Plaintiff's unauthorized practice of law. Plaintiff purports to represent his father's estate, which is the real party in interest. *See Zanecki v. Health Alliance Plan of Detroit*, 576 F. App'x 594, 595 (6th Cir. 2014) (citing *Shenkman v. Bragman*, 682 N.W.2d 516, 519 (Mich. Ct. App. 2004)). "[A] person may not appear pro se on another person's behalf in the other's cause of action." *Id.* (quoting *Cavanaugh ex rel. Cavanaugh v. Cardinal Local Sch. Dist.*, 409 F.3d 753, 755 (6th Cir. 2005), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City. Sch. Dist.*, 550 U.S. 516 (2007)). Thus, Plaintiff is a nonlawyer "impermissibly acting as the estate's counsel." *Id.* (citing *Georgakis v. Ill. State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013)). It is therefore appropriate to dismiss the case without prejudice, the "usual course of action" in such a situation. *Id.* (citing *Shepherd v. Wellman*, 313 F.3d 963, 971 (6th Cir. 2002); *Georgakis*, 722 F.3d at 1078; *Jones ex rel. Jones v. Corr. Med. Servs., Inc.*, 401 F.3d 950, 952 (8th Cir. 2005)); *see also Shenkman*, 682 N.W.2d at 517.

Accordingly, for the reasons stated above,

**IT IS ORDERED** that Plaintiff's Motion to Remand [9, 10] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss [11] is **GRANTED**. The case is **DISMISSED** without prejudice to its refiling through counsel.

**IT IS FURTHER ORDERED** that Plaintiff's Objection to Substitution of United States as Defendant [5] is **OVERRULED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Defer Ruling [15] is **DENIED** as moot.

**SO ORDERED**.

Dated: October 27, 2015

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge